STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss                                     CIVIL ACTION
                                                  DOCKET NO

                                        )
                                        )
AMY MARTIN, of Bangor,                  )
County of Penobscot, State of Maine     )
                                        )          COMPLAINT
              Plaintiffs                )
                                        )
v.                                      )
                                        )
HOUSING AUTHORITY of the CITY OF        )
BANGOR,                                 )
of Bangor, County of Penobscot, State of Maine  )
                                        )
              Defendant                 )

## NATURE OF CLAIM

1.       This is an action for declaratory and damages to redress the deprivation of certain

civil rights secured by the Maine Human Rights Act (hereinafter, the "Maine Act"), 5 M.R.S.

§4551, *et. seq.*, the Federal Fair Housing Act (hereinafter, the "Fair Housing Act"), 42 U.S.C. §

3601, *et seq.*, section 504 of the Rehabilitation Act of 1973 (hereinafter "Section 504"), 29

U.S.C. 794 and the Americans with Disabilities Act of 1990, (hereinafter the "ADA" 42 U.S.C.

12021 *et seq.*

2.       Plaintiff Amy Martin alleges that the Defendant Housing Authority of the City of

Bangor unlawfully failed to accommodate her minor son's disability when it delayed for nine

months granting her request for a subsidy for a three bedroom unit under the Section 8 Housing

Choice Voucher Program.

## PARTIES

3.       Amy Martin resides in Bangor, County of Penobscot, State of Maine.



4.      The Housing Authority of the City of Bangor (hereinafter BHA or Bangor Housing Authority) is a public body corporate and politic organized pursuant to 30-A M.R.S.A. §§4701 *et seq* with offices in Bangor, County of Penobscot Maine.

5.      At all relevant times, Bangor Housing Authority has been a "public accommodation" within the meaning of the Maine Act.

6.      At all relevant times, Bangor Housing Authorty has been a "public entity" within the meaning of the Maine Act.

7.      At all relevant times, Bangor Housing Authority has been involved in the management of a housing accommodation, specifically the Housing Choice Voucher program, within the meaning of the Maine Act.

8.      At all relevant times, Bangor Housing Authority has been a covered entity under the Federal Fair Housing Act.

9.      At all relevant times, Bangor Housing Authority has been a "public accommodation" within the meaning Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

10.      At all relevant times, Bangor Housing Authority has received federal funds for administration of the Housing Choice Voucher Program, a rental subsidy program of the U.S. Department of Housing and Urban Development.

## ADMINISTRATIVE EXHAUSTION AND JURISDICTION

11.      Amy Martin filed a timely complaint under oath with the Maine Human Rights Commission alleging unlawful discrimination by Bangor Housing Authority on the basis of disability as alleged herein.

12.      Amy Martin timely "dual filed" this complaint with the U.S. Dept of Housing and Urban Development "HUD."

13.     The Commission investigated the complaint, found that there were no reasonable grounds to believe that unlawful discrimination by Bangor Housing Authority occurred, and erroneously dismissed the claim.

14.     This Court has jurisdiction over the Maine Act claims in this action pursuant to 5 M.R.S.A. §§ 4613(2), and 4621.

15.     This Court has jurisdiction over the federal claims in this action pursuant to the Fair Housing Act, 42 U.S.C. § 3613, Section 504 of the Rehabilitation Act of 1972, and the Americans with Disabilities Act of 1990.

## FACTS

16.     Ms. Martin has lived at 44 Boyd St., apartment 5 in Bangor with her severely disabled son, C-Jay, now 11 years old, since 2000.  During her entire rental term they have rented a three-bedroom unit.

17.     From 2000 and through and including July 2009, she received a Section 8 Housing Choice Voucher administered by Bangor Housing Authority.  The subsidy paid a portion of her rent, calculated as a percent of her income and based on a two-bedroom unit.

18.     At all material times, Plaintiff Martin's son C-Jay has been a person with disabilities within the meaning of the Maine Act, the Fair Housing Act, Section 504 and the ADA.

19.     At all material times, Plaintiff Martin's son has had many disabilities, many congenital: he was born without eyes (septo-optic dysplasia); he has a rare brain malformation (holoprosencephaly) such that his frontal lobes and part of the main section of his brain are undivided and he processes information without normal cross-brain body signals; he has multiple heart and lung abnormalities, a seizure disorder, a sleep disorder, ADHD; and he is autistic.

20.     At all material times, C-Jay's disabilities have substantially limited his major life activities.

21.     At all material times, C-Jay's disabilities have had an actual or expected duration of more than 6 months and have impaired his health to a significant extent as compared to what is ordinarily experienced in the general population.

22.     As a result of his disabilities, C-Jay requires multiple medications, equipment and supportive therapies - including occupational therapy, speech therapy, sensory therapies, and others - without which he would not progress.

23.     On November 8, 2008 Ms. Martin formally requested a reasonable accommodation from Defendant, to pay a subsidy based on a three-bedroom unit to accommodate C-Jay's disability-related needs.  She had indicated in August and September that she wanted to make such a request.  In late October 2008, Defendant provided her with a form on which to make the request.

24.     U.S Department of Housing and Urban Development permits such an accommodation when there is current medical necessity.

25.     Between November 8, 2008 and April 16, 2009 Ms. Martin directly made many phone calls, offered to submit documents, submitted documents, requested progress reports and requested a decision on her request for the accommodation of the higher subsidy.

26.     Defendant advised Ms. Martin not to provide information from her doctor, that defendant would do this instead.  Defendant did not indicate what information they found lacking or which they would seek.  During these five months, Defendant BHA failed to request any medical, educational or therapeutic records or other information to process Ms. Martin's request.

27.     In February 2009 Ms. Martin secured the assistance of Pine Tree Legal Assistance in securing the reasonable accommodation. Ms. Martin's advocates reinforced her requests for the accommodation, asked for defendant's response, provided supporting medical information and offered to provide additional information and assistance to Defendant to secure the accommodation.

28.     As of April 17, 2009, Defendant had not requested nor secured additional information, had not indicated what if any additional information they wanted to make a decision and neither granted nor denied Ms. Martin's request. Ms. Martin filed her complaint with the Maine Human Rights Commission and HUD.

29.     On July 31, 2009 – more than eight and a half months after Ms. Martin's initial request for an accommodation – defendant granted the request for an increased subsidy as a reasonable accommodation effective August 1, 2009.

30.     As a proximate result of Defendant's unlawful discrimination alleged herein for the period from November 8, 2008 through July 31, 2009, Plaintiff Martin suffered emotional distress, loss of enjoyment of life, inconvenience, and other pecuniary and non-pecuniary losses.

31.     Plaintiff has no plain, adequate or complete remedy at law to fully redress the wrongs alleged.

### COUNT I – MHRA
### MARTIN VERSUS HOUSING AUTHORITY OF CITY OF BANGOR

32.     Plaintiff repeats and realleges the allegations in Paragraphs 1—32.

33.     Defendant Bangor Housing Authority failed to provide Plaintiff Martin with a reasonable modification between November 8, 2008 and July 31, 2009 to increase her subsidy, when the modification was necessary for Ms. Martin to afford her housing, in violation of the Maine Act, 5 M.R.S.A. § 4592(1)(B).

34.     Defendant Bangor Housing Authority's failure to accommodate Plaintiff Martin's son's disabilities for nine months resulted in Ms. Martin's paying an excessive amount of rent for nine months, thereby denying her the benefits of the Section 8 Housing Choice Voucher Program under Defendant's administration, in violation of 5 M.R.S.A. § 4592(1)(E).

## COUNT II – MHRA
## MARTIN VERSUS HOUSING AUTHORITY OF CITY OF BANGOR

35.     Plaintiff repeats and realleges the allegations in Paragraphs 1—32.

36.      Defendant Bangor Housing Authority failed to provide Plaintiff Martin with a reasonable accommodation from November 8, 2008 through July 31, 2009, to increase her subsidy, when this accommodation was necessary to afford Ms.  Martin and C-Jay equal opportunity to use and enjoy a dwelling in violation of the Act, 5 M.R.S.A. § 4582-A(2).

37.     Defendant Bangor Housing Authority's failure to accommodate Plaintiff Martin's son's disabilities for nine months resulted in Ms. Martin's paying an excessive amount of rent for nine months, thereby denying her the benefits of the Section 8 Housing Choice Voucher Program administered by Defendant, in violation of 5 M.R.S.A. § 4582-A (2).

## COUNT III – FEDERAL FAIR HOUSING ACT
## MARTIN VERSUS HOUSING AUTHORITY OF CITY OF BANGOR

38.     Plaintiff repeats and realleges the allegations in Paragraphs 1 - 32.

39.     Defendant Bangor Housing Authority failed to provide Plaintiff Martin with a reasonable accommodation for nine months, to increase her subsidy, when this accommodation was necessary to afford Ms.  Martin and C-Jay the equal opportunity to use and enjoy a dwelling in violation of the Federal Fair Housing Act at 42 U.S.C. 3604(B).

## COUNT IV – REHABILITATION ACT OF 1973
## MARTIN VERSUS HOUSING AUTHORITY OF CITY OF BANGOR

40.    Plaintiff repeats and alleges the allegations in Paragraphs 1- 32.

41.    Defendant Bangor Housing Authority failed to provide Plaintiff Martin with a reasonable modification from November 8, 2008 through July 31, 2009, to increase her subsidy, when this accommodation was necessary.  This failure violated Section 504's mandate that no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under any program or activity that either receives Federal financial assistance.

## COUNT V- AMERICANS WITH DISABILITIES ACT OF 1990 MARTIN VERSUS HOUSING AUTHORITY OF CITY OF BANGOR

42.    Plaintiff repeats and alleges the allegations in Paragraphs 1- 32.

43.    Defendant Bangor Housing Authority failed to provide Plaintiff Martin with a reasonable modification from November 8, 2008 through July 31, 2009, to increase her subsidy, when this accommodation was necessary.  This failure violated the requirement of Title III Public Accommodations of the Americans with Disabilities Act to grant reasonable modifications to policies, practices, and procedures to persons with disabilities so that they may enjoy equal benefits of public accommodations.

## PRAYER FOR RELIEF UNDER THE MAINE HUMAN RIGHTS ACT

WHEREFORE, Plaintiff respectfully prays that this Court:

1.    Enter judgment declaring that the Defendant's practices complained of herein are unlawful and violate 5 M.R.S.A. § 4592(1)(B).

2.    Enter judgment declaring that Defendant's actions complained of herein are unlawful and violate 5 M.R.S.A. § 4592(1)(E).

3.    Order Defendant to pay Plaintiff Martin her actual damages.

4.    Order Defendant to pay Plaintiff Martin all civil penal damages available under the Maine Act because of unlawful discrimination;

5.    Award the Plaintiff Martin prejudgment interest;

6.    Award Plaintiff nominal damages;

7.    Award Plaintiff her costs.

8.    Grant such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF UNDER THE FEDERAL FAIR HOUSING ACT 42 U.S.C. 3613(1)

9.    Enter judgment declaring that the Defendant's practices complained of herein are unlawful and violate 42 U.S.C. 3406 (B).

10. Order Defendant to pay Plaintiff Martin her actual damages.

11. Order Defendant to pay Plaintiff Martin punitive damages.

12. Enjoin Defendant from engaging in unreasonable delays in acting on requests for reasonable accommodations.

13. Award Plaintiff her costs.

14. Order such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF UNDER SECTION 504 OF THE REHABILITATION ACT OF 1973

15. Enter judgment declaring that the Defendant's practices complained of herein are unlawful and violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.

16. Order all damages allowed under the statute and regulations.

17. Award Plaintiff her costs.

18. Enjoin Defendant from engaging in unreasonable delays in acting on requests for reasonable accommodations.

19. Order such other relief as the Court finds appropriate.

## PRAYER FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT

20. Enter judgment declaring that the Defendant's practices complained of herein are unlawful and violate the Americans with Disabilities Act of 1990, 42 U.S.C. 12021 et seq .

21. Order Defendant to pay Plaintiff all damages permitted under the statute.

22. Enjoin Defendant from engaging in unreasonable delays in acting on requests for reasonable accommodations.

23. Award Plaintiff her costs.

24. Order such other relief as the Court finds appropriate.

Dated: December 31, 2009

Patricia M. Ender, Bar No. 2831
Pine Tree Legal Assistance, Inc.
P.O. Box 2429
39 Green St.
Augusta ME 04338-2429
(207) 400-3253; 623-7777 x 2203
ATTORNEY FOR PLAINTIFF
AMY MARTIN

Dated: December 31, 2009

Judson B. Esty-Kendall, Bar No. 1695
Pine Tree Legal Assistance, Inc.
61 Main St.
Bangor ME 04401
(207) 400-3281; 942-0972
ATTORNEY FOR PLAINTIFF
AMY MARTIN